UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSIRIS LUIS VERDECIA GARCIA (A# 213-401-575),

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-07215 TLN SCR

ORDER

Petitioner, an immigration detainee representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In Petitioner's first immigration habeas action, Verdecia Garcia v. Warden, No. 1:26-cv-22118 JEM, ECF No. 8 (S.D. Fla., Mar. 27, 2026), the Southern District of Florida considered Petitioner's challenge to his re-arrest without pre-deprivation hearing, granted the petition in part, and ordered Repsondent to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). Therefore, the undersigned finds that the instant petition's claims challenging the revocation of Petitioner's order of release on recognizance and re-detention are barred by the successive abuse of writ doctrine. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (holding that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241).

However, the petition raises separate claims challenging the legality of Petitioner's ongoing detention. See, e.g., ECF No. 1 at 27-28 (Count Two, substantive due process); ECF No.

17 at 1-3, 9 (noting concerns with medical care and transfer-related delays in removal proceedings). Because these claims were not ripe at the time of his prior habeas petitions, the successive abuse of writ doctrine does not bar their consideration. See Calderon v. Noem, No. 2:26-CV-00352-BAT, 2026 WL 507683, at *2 (W.D. Wash. Feb. 24, 2026) (holding abuse of the writ doctrine barred review of claims challenging petitioner's re-detention but not to the claim of whether his "continued detention . . . violated the law.").

In light of the complexity of the legal issues these additional issues present, the court has determined that the interests of justice require the appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment. If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the court hereby authorizes them to serve as *pro hac vice* CJA counsel for petitioner for the duration of the proceedings in this court pursuant to Local Rule 180(b)(1) *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment. If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. § 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the court hereby authorizes said counsel's *pro hac vice* admission to practice before this court for the duration of the proceedings, *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to appoint counsel (ECF No. 3) is GRANTED.

2. Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender,

Attention: Habeas Appointment, along with a copy of the § 2241 petition.

4. Based on the appointment of counsel, the court sua sponte grants Petitioner leave to file an amended § 2241 petition. Petitioner shall file the amended petition within 14 days from the date counsel accepts the appointment and notifies appointing authority. Within 7 days from Petitioner's filing, Respondent shall file either an amended answer/return or a notice indicating that they will stand on the previously filed motion to dismiss. Petitioner shall have 3 days from the date of Respondent's answer/return or notice to file a reply. If the parties agree on a different briefing schedule, they may submit a joint proposed order to the court based on their stipulation.

DATED: November 4, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE